UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DUSTIN SOUTHWOOD, <br> TRISTAN SOUTHWOOD, <br> CARISSA SOUTHWOOD, <br><br> Plaintiffs, <br><br> v. <br><br> PEKIN LIFE INSURANCE COMPANY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 1:23-cv-00295-JRS-MG <br> ) <br> ) <br> ) <br> ) |

**Order on Motion for Summary Judgment**

This is a life insurance case with unusual, but undisputed, facts. (Def.'s Br. Supp. 2–4, ECF No. 33-2; Pl.'s Resp. 3, 4, ECF No. 39.) Stacy Southwood had a term life insurance policy with Pekin. She paid the premiums on that policy for many years, but, in September 2022, she missed a payment, and, after a one-month grace period, the policy lapsed. Stacy died two weeks later. In April 2023 her children, the plaintiffs here and residual beneficiaries under the policy, tried to exercise the policy's right to reinstatement. Pekin denied reinstatement, because, Stacy having died, there was no life to insure. Plaintiffs allege that Pekin's denial is a breach of the insurance contract and bad faith. (Amd. Compl., ECF No. 22.) Now before the Court is Pekin's Motion for Summary Judgment. (ECF No. 33.)

### I.   Legal Standard

The legal standard on summary judgment is well established:

> Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute

of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Skiba* [*v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018)] (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 [] (1986)). A theory "too divorced from the factual record" does not create a genuine issue of material fact. *Id.* at 721. "Although we construe all facts and make all reasonable inferences in the nonmoving party's favor, the moving party may succeed by showing an absence of evidence to support the non-moving party's claims." *Tyburski v. City of Chicago*, 964 F.3d 590, 597 (7th Cir. 2020).

*Marnocha v. St. Vincent Hosp. & Health Care Ctr., Inc.*, 986 F.3d 711, 718 (7th Cir. 2021). A dispute of fact is only "material" if it affects the outcome according to the applicable substantive law. *Anderson*, 477 U.S. at 248.

## II. Discussion

Plaintiffs admit that the policy lapsed; they do not argue (what is more usual in cases like this) that the policy was in effect when Stacy died. Rather, they argue that after her death they made a timely request for reinstatement, which ought to have been granted under the ambiguous policy language. (Pls.' Resp. 5, ECF No. 39 ("The only question . . . is what does '[g]ive proof of insurability satisfactory to us' mean and is it ambiguous?").)

The policy's reinstatement provision reads,

> This policy may be reinstated at any time within five years after premium default. To do so, you must:
> - Give proof of insurability satisfactory to us; and
> - Pay all unpaid premiums with interest at the rate of 6% per year.

(Policy 8, ECF No. 33-3.) The policy elsewhere defines "you" to "mean the owner of this policy." (*Id.* at 2.)

In Indiana, insurance policies are interpreted like other contracts. *Ebert v. Illinois Cas. Co.*, 188 N.E.3d 858, 864 (Ind. 2022) (citing *USA Life One Ins. Co. of Indiana v. Nuckolls*, 682 N.E.2d 534, 538 (Ind. 1997). Plain language is given its plain meaning, and rules of construction, like strict-construal-against-the-drafter, come in to help solve ambiguities, *id.*; either way, interpretation is a matter of law for the Court (unless extrinsic facts are required). *Nuckolls*, 682 N.E.2d at 538; *Tate v. Secura Ins.*, 587 N.E.2d 665, 668 (Ind. 1992). The mere fact of a dispute over policy language does not make it ambiguous. *Ebert*, 188 N.E.3d at 864. There needs to be a real possibility that intelligent people could differ over its meaning. *Id.*

The Court sees no ambiguity in the policy language here. The reinstatement provision—which is, incidentally, required by Indiana law, Ind. Code § 27-1-12-6(a)(9)—allows a policy owner to regain coverage from a policy that has otherwise lapsed. The basic idea is that a policy owner should be able to get a policy back on its original terms even if she has missed some payments. *Id.* (dictating a reinstatement provision to apply "should there have been default in premium payment"). That is why the policy here provides for reinstatement "after premium default" and includes the reinstatement provision in the section titled "Premiums," right after the grace period provision that applies when a payment is missed. (Policy 8, ECF No. 33-3). The reinstatement requirements, by statute and in this policy, are commonsensical: the one hoping to reinstate the policy needs to catch up on payments and needs to show that the insured is still insurable. (*Id.*)

3

Here, the policy says that "to [reinstate], *you* must give proof of insurability satisfactory to us." (*Id.* (emphasis added).) "You" means "the owner," (*id.* at 2), so, to reinstate, Stacy must have given satisfactory proof of insurability—her insurability, because she was both the owner and the insured. That clearly did not happen. Stacy had died without requesting reinstatement, much less having given "proof of insurability." The request for reinstatement, which the Court assumes sufficed as to form, (Pls.' Resp. 5, ECF No. 39), came from Stacy's children, who were not the "owner[s]" of the policy. That means regardless of "insurability" Pekin was not obligated to reinstate the policy; the request came from the wrong quarter.

Even if Pekin were required to consider Plaintiffs' request for reinstatement, the Plaintiffs would not be able to give "proof of insurability." Stacy, the insured, had died. A life no longer in being is not insurable; there is nothing to insure. *Cf. Crawfordsville Square, LLC. v. Monroe Guar. Ins. Co.*, 906 N.E.2d 934, 937 (Ind. Ct. App. 2009) (discussing the "known loss" doctrine) ("[O]ne may not obtain insurance for a loss that has already taken place.").

Plaintiffs argue that "insurability" and "proof of insurability satisfactory to us," are ambiguous. (Pls.' Resp. 5, ECF No. 39.) But "insurability," in the life insurance context, has a definite meaning. One who is "insurable" is, among other things, in apparently good health; that is, she is an acceptable underwriting risk. "Proof of insurability" then refers to the medical examinations, and accompanying representations by the proposed insured, that insurers use to evaluate risk. Indiana courts have consistently understood and applied the terms. *See, e.g., W. Life Indem.*

4

*Co. v. Couch*, 123 N.E. 11 (Ind. Ct. App. 1919), *Commonwealth Life Ins. Co. v. Jackson*, 432 N.E.2d 1382, 1391 (Ind. Ct. App. 1982), *Brand v. Monumental Life Ins. Co.*, 275 Ind. 308, 313 (1981), *Bennett v. CrownLife Ins. Co.*, 776 N.E.2d 1264, 1266 (Ind. Ct. App. 2002). Stacy, too, the owner of the policy, knew what "proof of insurability" meant: she filled out a "Good Health and Insurability Statement" when she applied for the policy here. (Statement 13, ECF No. 33-3.) Her application included a medical questionnaire and other questions about potential risks. (*Id.* at 17, 19.) So the meaning of the reinstatement provision is clear: had Stacy wanted to reinstate her policy after the lapse, she would have had to show again that she was a good risk to the insurance company, just as she did when she first applied for the policy.

Finally, Plaintiffs argue that if the policy is read naturally, as the Court sets out, then its provision allowing reinstatement "at any time within five years after premium default" becomes useless. (Pls.' Resp. 6, ECF No. 39.) It is true that the five year time limit for reinstatement can be cut short by the insured's death, but that does not make the time limit useless. Should the insured continue living, the time limit does work: it cuts off the reinstatement right (which tends to benefit the insured) after a reasonable period. *See* Ind. Code § 27-1-12-6(a)(9) (requiring time limit of at least three years).

### III. Conclusion

The insurance policy here is unambiguous, and Pekin did not breach it. While the Court is not unsympathetic to the loss suffered by Plaintiffs; nonetheless, Pekin is entitled to summary judgment as a matter of law on the breach of contract claim.

Plaintiffs also concede that summary judgment is proper on the bad faith claim. (Pls.' Resp. 7–8, ECF No. 39.)

Therefore, Pekin's Motion for Summary Judgment, (ECF No. 33), is **granted** in its entirety, ending the case. Final judgment shall issue accordingly.

**SO ORDERED.**

Date: 07/08/2024

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Grover Burton Davis
McClure McClure & Davis
gbdavis@gbd.law

Frederick Holton Hovde
Waldron Tate Bowen Spandau
holt@wtb-lawyers.com

Scott Stephen Mandarich
MCCLURE, MCCLURE & DAVIS
smandarich@gbd.law

Katherine Anne Piscione
Waldron Tate Bowen Land LLC
katie@wtb-lawyers.com

Brandon Eric Tate
Waldron Tate Bowen LLC
brandon@wtb-lawyers.com